United States District Court
Southern District of Texas
FILED

MAR 1 2 2009

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
BROWNSVILLE DIVISION

**IBRAHIMA DIALLO**
**Agency No; 088-426-570 /**
**Petitioner**

**Vs** **CASE NO:** B-09-066

**ERIC HOLDER,**
**Attorney General of the**
**United States of America,**

**JANET NAPOLITANO,**
**Secretary of the Department of**
**Homeland Security (DHS) and**

**Julie L. Myers,**
**Assistant Secretary,**
**United States Immigration and**
**Customs Enforcement (ICE),**

**MICHAEL J. Pitts,**
**Field Office Director for Detention**
**And Removal,**

**Dona Perez,**
**Officer in Charge,**
**Willacy Detention Center**
**Raymondville, TEXAS,**

**Ernesto Velasco, Warden,**
**Willacy Detention Center,**
**Raymondville, TEXAS /**
**Respondent**

**PRO SE PETITON FOR WRIT OF HABEAS CORPUS**

**TO THE HONORABLE COURT:**

# PRO SE PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, **IBRAHIMA DIALLO** Pro-se has presently been detained by federal immigration authorities for a total of **Six** months while awaiting removal to **SENEGAL,** the country of his birth, and **SENEGAL,** the country that has refused to issue travel documents to him. Petitioner was ordered removed by Immigration Judge or Board of Immigration Appeals on **09-23-2008** Petitioner entered immigration custody on **09-23-2008** and has been detained in the following immigration detention facilities: **PORT ISABEL Detention Center AND WILLACY Detention Center,** where he has languished for more than **(6) Six** months. Petitioner files this petition for a Writ of Habeas Corpus to remedy his ongoing detention in violation of the Supreme Court's decision in Zadvydas v. Davis, 533 U. S. 678 (2001). Petitioner does not challenge the validity of the removal order against him. Rather, he challenges his continued detention by Respondents, who refuse to release him even though they are unable to deport him and will not be able to deport him in the reasonably foreseeable future. Petitioner states as follows:

## JURISDICTION

1.This action arises under the United States Constitution and the Immigration and Nationality Act of 1952, 8 U. S. C. § 1101 et seq. ("INA"), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 and the Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 1570. This court has jurisdiction over this petition for writ of habeas corpus under 28 U. S. C. § 1331. Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution,

laws, and treaties of the United States. See Zadvydas v. Davis, 533 U. S. 678 (2001). This court may grant relief pursuant to 28 U. S. C. § 2241, and the Writs Act, 28 U. S. C. § 1651

## VENUE

2. Venue in this District is proper under 28 U. S. C. § 1391 because the Officer in Charge who makes custody decisions in Petitioner's case is located within the judicial district.

## EXHAUSTION OF ADMINISTARTIVE REMEDIES

3. Petitioner has exhausted his administrative remedies to the extent required by law. Petitioner's various though unsuccessful efforts to assist in his removal are irrelevant to the question of exhaustion. No statutory exhaustion requirements apply to Petitioner's claim of unlawful detention, and the only remedy for his continued unlawful indefinite detention is by way of this judicial action.

## PARTIES

4. Petitioner was born in **DAKAR-SENEGAL**, on **10-21-1986**. He has resided in the United States since his entry on **02-03-2002** lived in **NEW YORK** since **then**. He is currently detained at Willacy Detention Center 1800 Industrial Drive Raymondville, TEXAS 78580.

5. Respondent **ERIC HOLDER** is sued in his official capacity as the Attorney General of the United States. In that capacity, he has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U. S. C. § 1103 and is legal custodian of Petitioner

6. Respondent **JANET NAPOLITANO** is sued in her official capacity as Secretary of Homeland Security. In that capacity, she also has responsibility for the

administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103 and is Petitioner's legal custodian.

7. Respondent **Michael J Pitts** is sued Office in his official capacity as Field Office Director for Detention and Removal in the Field office District, U.S. Immigration and Customs Enforcement, As Field Office Director for Detention and Removal; he is Petitioner's legal custodian.

8. Respondent **Ernesto Velasco** is sued in his official capacity as Willacy Detention Center, As Warden of the facility where Petitioner is detained; he is Petitioner's legal custodian.

9. The Department of Homeland Security is the agency responsible for enforcing the immigration laws and is Petitioner's legal custodian.

## STATEMENT OF FACTS

10. Petitioner reserves the right to amend and supplement this statement of facts after he receives a copy of his file from immigration authorities.

11. Petitioner was born on 10-21-1986 in DAKAR-SENEGAL

12. The following members of Petitioner's family are either citizens or green card holders:

**1. MY FATHER- DEMBA DIALLO- Citizen**

13. Petitioner was ordered removed from the United States on **09-23-2008**

14. Appeal? **NO**

15. Petitioner has been detained in the following locations: **PORT ISABEL**.

16. Since Petitioner has been detained, he has made various efforts to facilitate his deportation. He has:

A.) Written 3 Travel Documents Requests on **October 23, November 23, 2008 and December 23, 2008** to his consulate asking them to issue travel documents.

B.) Called his consulate to ask for assistance for the issuance of travel documents about **(2)** times.

C.) Provided Immigration and Custom Enforcement (ICE) with the following documents or information to assist with his Removal: **Birth Father's Name, and Birth Mother's Name, Port of Entry.**

17. The response from the consulate of Embassy was as follows: (The consulate or Embassy staff is hired by your home country and is in charge of issuing permission to you to return to that country once your identity and nationality can be verified. There should be a way to call you consulate for free from the jail. Consulate and Embassy staffs are not the same as deportation officers.)

a. I spoke to the SENEGAL consulate who told me that **SENEGAL has denied my request for a travel document**.

18. To date Petitioner has spent a total of **180 days** languishing in administrative immigration detention.

19. Petitioner is unlikely to be removed in the reasonable foreseeable future.

**EQUAL ACCESS TO JUSTICE ACT**

20. The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, permits this Court to award attorney fees and costs to Petitioner if he prevails because this action is a civil action brought against agency officials and an agency of the United States.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**STATUTORY VIOLATION**

21. Petitioner re-alleges and incorporates by reference all paragraphs above.

22. Petitioner has been in the physical custody of the Department of Homeland Security ("DHS") and Bureau of Immigration and Customs Enforcement ("BICE") for more (6) Six months. He has repeatedly applied for travel documents from the government of **SENEGAL** who not issued travel document. Petitioner has described in paragraphs 16 and 17 above attempts made and responses given for why he has not been deported. Based on these efforts and responses, and the length of Petitioner's administrative detention, the United States government is unlikely to be able to effect his deportation in the reasonably foreseeable future.

23. Petitioner's detention in federal custody violates § 241(a) (6) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a) (6), as interpreted by the U.S. Supreme Court in Zadvydas. The six-month presumptively reasonable period of detention to allow for removal efforts has lapsed. Petitioner is unlikely to be deported in the reasonable foreseeable future, among other reasons, due to long-refusal of the **SENEGAL** government to issue travel documents to Petitioner. The U.S. Supreme Court held Zadvydas that the continued indefinite detention of an alien in Petitioner's circumstance is not authorized by INA § 241(a) (6). See Zadvydas, 533 U.S. at 689, 699.

**COUNT TWO**

## SUBSTANTIVE DUE PROCESS VIOLATION

24. Petitioner re-alleges and incorporates by reference paragraphs 1 to 27 above.

25. Petitioner's continued indefinite detention violates his right to substantive due process by depriving him of his fundamental liberty interest. The U.S. Supreme Court recognized in Zadvydas that aliens in Petitioner's circumstances, who are admitted to the United States and subject to a final order of removal, yet languish in detention pending their illusory removal to their countries of origin, are protected by the Due Process Clause. Id. at 690-95. They may only be detained for a period of time reasonably necessary to secure their removal. Id. at 689.

26. Zadvydas established that although the Government ordinarily secures an alien's release during a ninety-day removal period, the government has six months during which it is presumptively reasonable to detain an alien. However, once that six-month period has elapsed, where there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence to the contrary.

27. There is very good reason to believe that Petitioner is not likely to be removed in the reasonably foreseeable future. Namely, 1) federal immigration authorities have been unsuccessful at removing Petitioner to **SENEGAL** even though they had more than sufficient time during the **Six** months during which Petitioner has languished in detention. Additionally, efforts made by Petitioner to assist in his deportation, described in paragraphs 16 and 17 have been unsuccessful in obtaining travel documents for Petitioner.

28. Because Petitioner is not likely to be removed in the reasonably foreseeable future, the government does not have the authority to continue this deprivation of

Petitioner's liberty. The due process clause requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While the government does not have would have a compelling government interest in detaining an alien in order to effect his removal, such interest does not exist when the alien cannot be removed. Because Petitioner will not be removed in the foreseeable future, his detention is not narrowly tailored to serve a compelling government interest and violates his right to substantive due process under the U.S. Constitution.

**COUNT THREE**

**REQUEST FOR RELIEF**

WHEREFORE, Petitioner requests that this Court:

1. Assume jurisdiction over this matter.
2. Issue a Writ of Habeas Corpus directing Respondents to immediately release Petitioner from custody.
3. Award Petitioner reasonable costs; and
4. Such further relief as the Court deems just and proper.

Respectfully Submitted

Ibrahima Diallo
(Sign name)

**IBRAHIMA DIALLO- Pro-se**

## VERIFICATION

I, **Ibrahima Diallo**, Pro-se hereby declare under penalty of perjury that, to the best of my knowledge and belief, the matters set forth in the foregoing Pro Se Petition for Writ of Habeas Corpus are true and correct. This 24 day of MARCH, 2009.

IBRAHIMA DIALLO
Name

## CERTIFICATE OF SERVICE

I **Ibrahima Diallo-Pro-se**, certify that I served by mail a true and correct copy of the above Pro Se Petition for Habeas Corpus to the above captioned Respondents to.

United States Attorney's Office
MAILING
U.S.DEPARTMENT OF JUSTICE
U.S.ATTORNEY'S OFFICES, SOUTHERN DISTRICT OF TEXAS
P.O.BOX 61129
HOUSTON, TEXAS 77208

**AND**
Clerk of court
UNITED STATES DISTRICT OF TEXAS
REYNALDO.G.GARZA. FILEMON.B.VELA
600 E. HARRISON STREET #101
BROWNSVILLE, TEXAS 78520-7114

DATED THIS 24 DAY OF March, 2009

**Petitioner MAILING address**

**Ibrahima Diallo-Pro-se**
A# 088-426-570
Wallacy Detention Center
1800 Industrial Drive
Raymondville, TEXAS 78580

U.S. Department of Justice
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0003

# Fee Waiver Request

Name: IBRAHIMA DIALLO

Alien Number ("A" Number:) 088-426-570

***If more than one alien is included in your appeal or motion, only the lead alien need file this form.***

I, IBRAHIMA DIALLO, declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that I am the person above and that I am unable to pay the fee. I believe that my appeal/motion is valid, and I declare that the following information is true and correct to the best of my knowledge:

**Assets**

| | |
|---|---|
| Wages, Salary | $ 0 /month |
| Other Income (business, profession, (self-employed, rent payments, interest, etc.) | 0 /month |
| Cash | N/A |
| Checking or Savings Account | N/A |
| Property (real estate, automobile, stocks, bonds, etc.) | N/A |
| Other Financial Support (public assistance, alimony, child support, gift, parent, spouse, other family members, etc. | 00 /month |

**Expenses** (including dependents)

| | |
|---|---|
| Housing (rent, mortgage, etc.) | $ 0 /month |
| Food | N/A /month |
| Clothing | N/A /month |
| Utilities (phone, electric, gas, water, etc.) | 00 /month |
| Transportation | 00 /month |
| Debts, Liabilities | 00 /month |
| Other N/A (specify) | $ 0 /month |

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is one (1) hour. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

Signature: Ibrahima diallo

Date: 3/6/09

IBRAHIMA DIALLO
A#088-426-570
WILLACY DETENTION CENTER
1800 industrial Drive
Raymondville, TEXAS 78580

INDIGENT




CLERK OF COURT
United States District of Texas
REYNALDO.G. GARZA. FILEMON.B.VE
600 E. HARRISON STREET #101
BROWNSVILLE, TEXAS 78520-7114